# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GUSTAVO GAYTAN-GONZALEZ, | 1:11-cv-00965 AWI MJS HC |
| Petitioner, | ORDER GRANTING LEAVE TO AMEND TO FILE AMENDED PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2241 FORM PETITION |
| v. | |
| MICHAEL L. BENOV, | [Doc. 6] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on June 13, 2011. (Pet., ECF No. 1.) On November 22, 2011, Petitioner filed a motion to amend the petition. (Mot., ECF No. 6.) Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Petitioner may amend as a matter of course up to 21 days after a responsive pleading or motion is filed. Respondent has yet to file a response. Accordingly, Petitioner's motion to file an amended petition is GRANTED.

-1-

Petitioner is forewarned that Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..." Rule 2 of the Rules Governing 2254 Cases.  Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge." Id. at 2(c).

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2255 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Petitioner is advised that an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Accordingly, Petitioner's last filed amended petition must contain all the claims Petitioner wishes to present before the Court. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)). The Court will grant Petitioner leave to determine the pleadings and exhibits he wishes to include in the instant petition.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION.  The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2241; and,

3.      Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:    November 28, 2011             /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE