# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GUSTAVO GAYTAN-GONZALEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL L. BENOV, Warden,<br><br>　　　　　Respondent. | 1:11-cv-00965 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 8) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on June 13, 2011, and an amended petition on December 20, 2011. He is currently incarcerated at the Taft Correctional Institution in Taft, California. He claims a ten-year sentence enhancement was wrongfully imposed by the sentencing court pursuant to the Supreme Court decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577, 177 L. Ed. 2d 68 (2010).

## I.　SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.   JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843

1  F.2d at 1162.

2     In contrast, a federal prisoner challenging the manner, location, or conditions of that
3  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
4  Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality
5  of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to
6  § 2255 and not a habeas petition pursuant to § 2241.

7     The Ninth Circuit has recognized a narrow exception allowing a federal prisoner
8  authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion
9  under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v.
10 United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952,
11 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id.
12 Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May,
13 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to
14 render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears
15 of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage,
16 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden
17 is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United
18 States, 315 F.2d 76, 83 (9th Cir. 1963).

19     The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape
20 hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had
21 an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d
22 895, 898 (9th Cir. 2006).

23     In this case, Petitioner is challenging the validity and constitutionality of his federal
24 sentence imposed by a federal court, rather than an error in the administration of his sentence.
25 Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the
26 sentencing court, not a habeas petition pursuant to § 2241 in this Court.

27 **III.    PETITIONER IS NOT ENTITLED TO FILE A SECOND § 2255 MOTION**

28     Petitioner argues that § 2255 is inadequate and ineffective because he has already filed

a § 2255 motion, and that motion has been denied. Under the AEDPA, a prisoner may not bring a second or successive § 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner fails to meet either of these requirements. First, newly discovered evidence is not at issue in this case. Second, Petitioner does not cite to any cases, and the Court has found none, finding that the United States Supreme Court decision in Carachuri-Rosendo v. Holder is a "new rule" of constitutional law that is retroactively applicable. Other district courts have found likewise. See Thomas v. Holland, 2011 U.S. Dist. LEXIS 63423 (E.D. Ky. June 15, 2011) (After describing how the Western District o North Carolina declined to apply Carachuri-Rosendo retroactively, the court held that it "is also unwilling to apply it retroactively to a case on collateral review without further guidance from the Supreme Court or any Courts of Appeal."). Accordingly, it appears that Petitioner does not qualify to file a successive § 2255 motion.

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive § 2255 motion does not automatically render the remedy under § 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a § 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255, and that the AEDPA required dismissal of petitioner's successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to § 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under § 2255, Petitioner's argument fails. § 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of

appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a previous § 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that § 2255 remedy was ineffective because he was denied permission to file a successive § 2255 motion, and stating that dismissal of a subsequent § 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

## IV.     PETITIONER IS NOT ENTITLED TO FILE A § 2241 PETITION

The Ninth Circuit has "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner makes a claim of actual innocence." Stephens, 464 F.3d at 898.

Here, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for

which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction and, thus, he has been wrongfully sentenced with a ten-year enhancement. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under § 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using § 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to § 2241 when relief is not available under § 2255 because the petitioner had not shown actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his claim, petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of § 2255).

Based on the foregoing, the Court finds that Petitioner has not demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## III.    RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's

ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 4, 2012                     /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE