# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GUSTAVO GAYTAN-GONZALEZ,<br><br>        Petitioner,<br><br>    v.<br><br>MICHAEL L. BENOV, Warden,<br><br>        Respondent. | 1:11-cv-0965 AWI MJS HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 13) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 30, 2012, the undersigned denied the petition on the merits. On May 9, 2012, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure §§ 59(e) and 60(b).[1]

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated;

---

[1] The analysis under either section is essentially the same and governed by the terms of Federal Rule of Civil Procedure § 60(b). See Wharf v. Burlington N. R.R., 60 F.3d 631, 637 (9th Cir. 1995).

-1-

> or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner does not set forth any arguments or evidence that have not already been considered by this Court. Petitioner again argues that his convictions are invalid in light of the recent Supreme Court decision in Carachuri-Rosendo v. Holder, U.S. , 130 S.Ct. 2577, 177 L. Ed. 2d 68 (2010). The issues were addressed in resolving the merits of the Petition and shall not be repeated here. The Court found that the United States Supreme Court decision in Carachuri-Rosendo v. Holder is not a "new rule" of constitutional law that is retroactively applicable.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623. The Court found that Petitioner had not asserted a claim of factual innocence as Petitioner only asserts that he has been wrongfully sentenced to a ten-year enhancement, not that he was innocent of the underlying offense. Petitioner has not demonstrated "actual innocence." See Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012). Petitioner's arguments present no basis for the Court to reconsider its order.

Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   March 20, 2013

SENIOR DISTRICT JUDGE